Filed 4/29/22  P. v. Walden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C093920 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F04876) |
| v. | |
| PAUL WALDEN, | |
| Defendant and Appellant. | |

Defendant Paul Walden appeals the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1170.95.  His appointed counsel asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant was informed of his right to file a supplemental brief but did not file one.  We conclude he is not entitled to *Wende* review and dismiss the appeal as abandoned.

---

[1]  Undesignated statutory references are to the Penal Code.

1

FACTUAL AND PROCEDURAL BACKGROUND

The substantive facts underlying this conviction are not necessary to our resolution of this case on appeal and are summarily recounted here. One evening, while under the influence of heroin, defendant drove his car at a speed in excess of 60 miles per hour in a 35-mile-per-hour zone. He crashed through a stop sign and struck two pedestrians and four dogs as they were crossing the street in the crosswalk. The impact was so severe, it amputated one of the pedestrian's legs and killed all four of the dogs. That same pedestrian died 13 days later. Defendant left the scene of the crime. He met up with friends the night of the accident shortly after the collision. His friend told police defendant appeared to be under the influence of heroin at the time. Police apprehended defendant several days later.

The jury convicted defendant of second degree murder. (§ 187) It also convicted him of vehicular manslaughter (§ 192, subd. (c)(1)); felony hit and run causing death and bodily injury (Veh. Code, § 20001, subd. (b)(2); and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a).) It found several enhancements to be true. The trial court sentenced defendant to four years and eight months in state prison consecutive to a term of 15 years to life.

Defendant filed a form petition seeking resentencing under section 1170.95. After appointing counsel and receiving briefing, the trial court issued a written order denying the request on March 16, 2021. The trial court concluded the court did not instruct the jury in defendant's trial on any form of accomplice murder, but rather instructed them only on the murder theory of malice aforethought. The trial court concluded defendant did not show he was eligible for resentencing under section 1170.95.

DISCUSSION

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postconviction petition is an open question. Our Supreme Court has not

spoken on that issue, although the issue is currently pending before it. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Arguably, review pursuant to *Wende* or its federal constitutional counterpart, *Anders v. California*, is required only in the first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.) In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, we described the *Anders/Wende* procedure we believed applicable to appeals from postconviction petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras*, at pp. 112-113.)

Because appellate counsel complied with his obligations, and defendant was advised of his right to file a supplemental brief but did not do so, we consider defendant's appeal abandoned and order the appeal dismissed.

## DISPOSITION

The appeal is dismissed.

_____\s\_____,
BLEASE, Acting P. J.

I concur:

_____\s\_____,
RENNER, J.

Hull, J.

I concur in the result.

_____\s_____

HULL, J.